IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CURTIS LEE WATSON,**

    **Plaintiff,**

vs.                                                        **No. CIV 00-54 JP/LCS**

**CORRECTIONS CORPORATION OF**
**AMERICA and EVERCOM**
**TELECOMMUNICATIONS SYSTEMS, INC.**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court upon Defendants' Amended Motion to Dismiss, filed September 8, 2000 (*Doc. 137*). The Court has examined the motions, the memoranda of the parties and the relevant law. For the reasons stated, the Court recommends that the Defendants' motion should be granted.

### Proposed Findings

1. Plaintiff, an inmate of Torrance County Detention Center, is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff seeks injunctive relief as well as punitive damages against Defendants for antitrust violations. Watson claims that the Defendants performed several "illegal acts" including "price-fixing and kickbacks," "price gouging," and "illegal monopolization" of the phone services offered to inmates at their Corrections Facility. (Pl. Com. at 1 and 2). The Plaintiff argues that these "unlawful acts" were in violation of the Sherman Antitrust Act and the Federal Trade Commissions Act.

2.    To state claim for a Sherman Act restraint of trade violation, plaintiff must allege facts which show that the defendant entered a contract, combination or conspiracy that unreasonably restrains trade in a relevant market. *See T.V. Communications Network v. Turner Network Television*, 964 F.2d 1022,1027 (10th Cir. 1992). To state claim for attempted monopolization under the Sherman Act, "plaintiff must plead: (1) relevant market, including geographic market and relevant product market; (2) dangerous probability of success in monopolizing relevant market; (3) specific intent to monopolize; and (4) conduct in furtherance of such attempt." *See id.* (citing Sherman Act, § 2, as amended, 15 U.S.C.A. § 2). Although modern pleading requirements are quite liberal, plaintiff must do more than cite relevant antitrust language to state a claim for relief. *See T.V. Communications Network*, 964 F.2d at 1024. The plaintiff must allege sufficient facts to support a cause of action under antitrust laws and conclusory allegations that the defendant violated those laws are insufficient. *See id. See also Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383,1388 (10th Cir. 1980) (stating that "a bare bones [accusation] of conspiracy . . . without any supporting facts" is insufficient to state an antitrust claim."). In the present case, the Plaintiff does not comply with the antitrust pleading requirements established in *T.V. Communications Network* in any respect.

3.    This Court believes that the Plaintiff has failed to state a claim upon which relief can be granted against the Defendants for price-fixing, monopolizing or conspiracy to do so. FED. RULES CIV. PRO. 12(b)(6). While a *pro se* litigant is entitled to liberal construction of his pleadings, he must nonetheless follow the same rules of procedure that govern other litigants. *See Oklahoma Gold & Federated Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 139 (10th Cir. 1994). There are insufficient facts within the Plaintiff's complaint, or for that matter, in the

Plaintiff's responsive brief to this motion to dismiss. The facts alleged do not rise to the pleading requirement established for antitrust cases. *See T.V. Communications Network*, 964 F.2d at 1024. Therefore, the Defendants' Amended Motion to Dismiss should be **granted**. It is also recommended that Plaintiff's Renewed Motion to Certify Class Action, filed September 22, 2000 (*Doc. 155*), should be **denied**. Under Rule 23(a)(4) of the FED. RULES OF CIV. PRO., a class representative must "fairly and adequately protect the interests of the class." A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654.

4. The Plaintiff should be given time to file an amended complaint if this Recommended Disposition is adopted as the order of the District Court. He shall have thirty days to file an amended complaint from the date the Court issues an order adopting this Recommended Disposition. The Plaintiff may consider the possibility of filing a motion to join the cause of action listed as *Valdez v. Wackenhut Corrections Corp.*, No. CIV 00-0121 JC/WWD where the plaintiffs are represented and are awaiting certification of a class action.

Recommended Disposition

I recommend that Defendants' Amended Motion to Dismiss, filed September 8, 2000 (*Doc. 137*), be GRANTED and that Plaintiff's complaint be dismissed without prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if

that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**United States Magistrate Judge**

F:\Amanda\Opinions\00cv54 dismiss